IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JASON DAVID YONAI,

    Petitioner,                    No. CIV S-07-0036 RRB GGH P

   vs.

MS. EVANS, et al.,

    Respondents.           FINDINGS AND RECOMMENDATIONS

_____/

I. Introduction

    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action is proceeding on the amended petition filed July 16, 2007. Petitioner challenges a 2002 prison disciplinary conviction for battery on an inmate, no. 02-01-23 RCA. The incident on which the conviction is based occurred at Deuel Vocational Institution. The petition raises one claim:

> I was found guilty of my RVR 115 Log No. 02-01-23-RCA due to Sgt. D. Stapp's false statements in his crime incident report where he states that the razor blade had a tape handle. This is not true and does not match Lt. R. Lucas reported statements where he states truthfully that the single edged razor blade had cellophane wrapped around it to form a handle. This statement makes Sgt. D. Stapp's statement false and false evidence which means that I was illegally found guilty of my above stated RVR 115.

/////

1  Pending before the court is respondent's February 7, 2008, motion to dismiss for
2  failure to exhaust state court remedies and on grounds that the action is barred by the statute of
3  limitations.  After carefully considering the record, the court recommends that respondent's
4  motion be granted on grounds that the claim raised in the amended petition is not exhausted.
5  II.  Failure to Exhaust
6  The exhaustion of state court remedies is a prerequisite to the granting of a
7  petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must
8  be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion,
9  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by
10 providing the highest state court with a full and fair opportunity to consider all claims before
11 presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276,  92 S. Ct. 509, 512
12 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).
13 Respondent states that petitioner filed four habeas corpus petitions in the
14 California Supreme Court, none of which raised claims challenging the at-issue prison
15 disciplinary conviction.  The court has reviewed these petitions, respondent's exhibits 14-17.
16 Exhibit 14 is a petition challenging an incident which occurred at Salinas Valley State Prison.
17 Exhibits 15 and 16 are habeas petitions which appear to challenge petitioner's criminal
18 conviction for assault with a deadly weapon, which was based on the same incident as the at-
19 issue prison disciplinary conviction.  Exhibit 17 alleges that employees at Salinas Valley State
20 Prison thwarted petitioner's attempts to challenge his related criminal conviction by losing his
21 paperwork, etc.
22 In his opposition, petitioner contends that he exhausted his state court remedies in
23 case no. S147615 filed in the California Supreme Court, respondent's Exhibit 16.  In this
24 petition, petitioner raised the same claim as he raises in the instant action.  However, this petition

---

[1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. § 2254(b)(2).

clearly challenged petitioner's related criminal conviction and not the at-issue prison disciplinary conviction.  In order to properly exhaust his state court remedies, petitioner must file a habeas corpus petition in the California Supreme Court challenging the prison disciplinary conviction on the grounds raised in the instant petition.

Accordingly, the court finds that petitioner has failed to exhaust state court remedies.  Respondent's motion to dismiss should be granted on this ground.

Because the claims are not exhausted, the court need not reach the issue of whether the claims are barred by the statute of limitations.  Once petitioner exhausts his claims and files a new federal petition, respondent may re-raise this argument.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's February 7, 2008, motion to dismiss be granted on grounds that the claims raised in this action are not exhausted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/09/08

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

yon36.157